NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

MAKI GURASHI, *Petitioner Employee*,

*v.*

THE INDUSTRIAL COMMISSION OF ARIZONA, *Respondent,*

INTERMOUNTAIN EMPLOYMENT SVC DBA INTERMOUNTAIN
STAFFING DBA ASCEND STAFFING, *Respondent Employer*,

ZURICH AMERICAN INSURANCE CO., *Respondent Carrier.*

No. 1 CA-IC 24-0005
FILED 02-04-2025

Special Action - Industrial Commission
ICA Claim No. 20231460029
Carrier Claim No. 2230598777
The Honorable Trudy Rushforth, Administrative Law Judge

**AFFIRMED**

COUNSEL

Maki Gurashi, Avondale
*Petitioner Employee*

Industrial Commission of Arizona, Phoenix
By Afshan Peimani
*Counsel for Respondent*

Ritsema Law, Phoenix
By Deborah P. Hansen
*Counsel for Respondent Employers and Carrier*

---

**MEMORANDUM DECISION**

Judge Angela K. Paton delivered the decision of the Court, in which Presiding Judge Cynthia J. Bailey and Judge Anni Hill Foster joined.

---

**P A T O N**, Judge:

**¶1**        Maki Gurashi appeals the Industrial Commission of Arizona's ("Commission") denial of his workers' compensation claim for failure to promptly report his injury.  For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY

**¶2**        In September 2021, Gurashi worked as a forklift operator for Ascend Staffing Agency ("Employer") until he broke his right leg while driving a forklift.  Following his covered injury, Gurashi performed light duty work for Employer.

**¶3**        On December 6, 2022, Gurashi injured his back and right leg after stepping down from a step ladder while cleaning windows at work.  Gurashi continued working in his regular light duty position after this injury.

**¶4**        Gurashi filed a worker's report of injury on May 19, 2023.  On July 3, 2023, Zurich American Insurance Co. ("Zurich") denied his claim because there was "no employer or medical evidence of industrially related injury."  Gurashi requested a hearing with the Administrative Law Judge ("ALJ") because he disagreed with Zurich's denial.

**¶5**        The Commission conducted a hearing in October 2023, at which the ALJ heard testimony from Gurashi and Employer's representative, Gurashi's manager.  We view that evidence in the light most favorable to affirming the award.  *Lovitch v. Indus. Comm'n*, 202 Ariz. 102, 105, ¶ 16 (App. 2002).

**¶6**        The issue at the hearing was whether Gurashi's December 6, 2022 injury was compensable.  Gurashi testified as to how he sustained his injury.  Although Gurashi said he "did not tell [anybody]" that he fell, he

said he told an employee in the office that he got injured. He sought medical attention two weeks after the injury occurred.

**¶7** Employer raised failure to promptly report as an affirmative defense. Gurashi's manager testified that she did not witness the injury, nor did Gurashi inform her of his injury. She said she told Gurashi not to use the ladder due to his preexisting injury. She also added that the company did not receive notice that Gurashi was claiming a work injury until he filed a worker's report of injury in May 2023. On cross-examination, Gurashi asked her one question unrelated to the reporting timing issue.

**¶8** Following this hearing, the ALJ denied Gurashi's claim, finding his testimony not credible, and that he did not report an injury until filing his claim in May 2023. The ALJ determined that his failure to timely report the injury violated Arizona Revised Statutes ("A.R.S.") Section 23-908(D).

**¶9** On November 20, 2023, Gurashi filed a request for review, stating:

> [I] reported the incident after it occurred to [the office manager]. At the time of the incident, [the office manager] was in her office, which shows [I] reported the incident reasonably and after [my] physician reported the injury to [Ascend].

**¶10** The ALJ affirmed its ruling and this statutory special action followed. Gurashi submitted an opening brief on April 23, 2024. We struck his first opening brief because he failed to include certificates of compliance and service as required by Arizona Rules of Civil Appellate Procedure 14(a)(5) and 15(d)(2). Gurashi then resubmitted his brief with the required certificates of compliance and service on April 29, 2024. Employer did not submit an answering brief or a motion to extend time to file the brief, so the special action was submitted.

**¶11** This court has jurisdiction under Sections 12-120.21(A)(2) and 23-951(A).

## DISCUSSION

**¶12** This court defers to the ALJ for questions of fact, but reviews determinations of law de novo. *Sun Valley Masonry Inc. v. Indus. Comm'n*, 216 Ariz. 462, 463-64, ¶ 2 (App. 2007).

¶13 "Opening briefs must present and address significant arguments, supported by authority that set forth the appellant's position on the issue in question." *Ritchie v. Krasner*, 221 Ariz. 288, 305, ¶ 62 (App. 2009). Additionally, opening briefs must contain "appropriate references to the portions of the record on which appellant relies." ARCAP 13(a)(7)(A); *Zepeda v. Indus. Comm'n*, 2 CA-IC 2015-0009, 2016 WL 1612330, at *1, ¶ 5 (Ariz. App. Apr. 20, 2016) (mem. decision). We hold unrepresented litigants to the same standards as attorneys. *Flynn v. Campbell*, 243 Ariz. 76, 83-84, ¶ 24 (2017).

¶14 Gurashi's opening brief does not provide any authority supporting his position. He argues that Employer was negligent and failed to follow his doctor's instructions, and that Employer instructed him to clean the office windows using a ladder but Gurashi's manager testified that she told Gurashi to not use the ladder due to his injury. Gurashi provides no record citations, nor does he cite to any legal authority to support his position. *Ramos v. Nichols*, 252 Ariz. 519, 522-23, ¶¶8, 10 (App. 2022). Gurashi has therefore waived any issues he may wish to submit for this court's review.

¶15 But even assuming Gurashi's opening brief complied with our rules and he raised a cognizable legal issue, the ALJ's decision was supported by the record. *See Lovitch*, 202 Ariz. at 105, ¶ 16. Injured workers must report their injuries to their employer "forthwith." A.R.S. § 23-908(E). Failure to do so can result in no compensation for the claimed injury unless excused. A.R.S. § 23-908(F). Here, the ALJ found that Gurashi failed to report his injury forthwith as required under the statute and his delay was not excused.

¶16 Gurashi was present at the hearing and had an opportunity to present evidence explaining why he waited five months to report his injury. He did not do so. Therefore, on this record, we cannot say that the ALJ erred in denying Gurashi's claim based on failure to report forthwith.

**CONCLUSION**

¶17 We affirm.

